UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JONATHAN MATTHEW HALL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos: 3:05-cr-129 |
| | ) | 3:09-cv-361 |
| UNITED STATES OF AMERICA, | ) | (VARLAN/SHIRLEY) |
| Respondent. | ) | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Jonathan Matthew Hall ("petitioner"). The government has filed its response to the motion and petitioner has filed his reply. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

**I.      Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required.  If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing.  *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II.     Factual Background

Petitioner pleaded guilty, without benefit of a plea agreement, to aiding and abetting second-degree murder and was sentenced to a term of imprisonment of 262 months.  His sentence was affirmed on direct appeal.  *United States v. Hall*, 279 F. App'x 359 (6th Cir.), *cert. denied*, 555 U.S. 936 (2008).  The Sixth Circuit summarized the facts of the offense, as taken from the Presentence Investigation Report, as follows:

> On the evening of March 26, 2005, 18-year-old Hall was driving a white 1990 Honda Accord on U.S. Highway 441 between Gatlinburg and Pigeon Forge, Tennessee-a stretch of road commonly referred to as the "Spur" and located within the Great Smoky Mountains National Park. On that same night and on that same stretch of road, Steven Williams ("Williams") was driving a red 1996 Nissan 240 SX. At about 10 p.m. Hall and Williams found themselves stopped side-by-side at a red traffic light in Gatlinburg, near the intersection of U.S. Highways 321 and 441. While waiting for the traffic light to change color, both drivers began to "rev" their engines; a signal that the two men-strangers to one another before that moment-were challenging each other to a race.
>
> As soon as the traffic light turned green, Hall and Williams took off. Although the posted speed limit on the course they traveled ranged from 35 to 45 miles per hour, their cars quickly reached speeds of 85 to 90 miles per hour. In the final moments of their race both Hall and Williams were driving in the right, or outside, lane of the Spur, heading north. At that time Williams moved

> to pass a third vehicle, a van, that was traveling to his left, on the inside northbound lane. As Williams was maneuvering past that van, however, a fourth vehicle-a 1997 Chrysler LHS four-door sedan-pulled into the Spur from the left side of the road. That vehicle was heading directly east, attempting to cross both northbound lanes of the Spur with Hall and Williams barreling toward it.
>
> Williams slowed down in time so that he narrowly avoided hitting the Chrysler. Hall, unfortunately, was unable to do the same. His Honda T-boned the right side of the Chrysler as it entered the right, or outside, northbound lane of the Spur, knocking it about 82 feet northeast from the point of impact. Killed instantly were Myra Louise Nelson, the driver of the Chrysler, and all four of her passengers (two of them members of her family). Hall later admitted that he had been drinking and smoking marijuana before the collision.
>
> Both Hall and Williams were charged with five counts of second-degree murder. On June 26, 2006, scheduled to be the first day of Hall's and Williams's trial, Williams pleaded guilty and agreed to testify against Hall. Later that same day Hall also pleaded guilty to one count of aiding and abetting second-degree murder.

*Id*. at 360.

Petitioner was sentenced at the bottom of his advisory guideline range of 262 to 327 months. The range was based upon a total offense level of 35, which included a three-level reduction for acceptance of responsibility, and a criminal history category of V as a result of eleven criminal history points. *Id*. at 361. Four of petitioner's criminal history points resulted from traffic-related offenses that occurred while petitioner was a juvenile.

In support of his § 2255 motion, petitioner alleges that the four traffic-related convictions should be considered related pursuant to Amendment 709 to U.S.S.G. § 4A1.2. He also alleges several instances of ineffective assistance of counsel.

## III. Discussion

### A. Amendment 709

As a result of Amendment 709 (effective November 1, 2007), § 4A1.2 now provides that prior sentences should always be counted separately "if the sentences were imposed for offenses that were separated by an intervening arrest ...." U.S.S.G. § 4A1.2(a)(2). If there is no intervening arrest, prior sentences should be counted as a single sentence if the sentences "resulted from offenses contained in the same charging instrument" or "were imposed on the same day." *Id*. The Sixth Circuit has held, however, that Amendment 709 does not apply retroactively. *United States v. Horn*, 679 F.3d 397 (6th Cir. 2012). Amendment 709 thus affords petitioner no relief.

### B. Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective

4

standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The two-part test of *Strickland* also applies to ineffective assistance of counsel claims in cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Sparks v. Sowders*, 852 F.2d 882 (6th Cir. 1988).

> We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258 (1973)], and *McMann v. Richardson*, [397 U.S. 759 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58-59 (footnote omitted).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the

5

burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges five instances of ineffective assistance of counsel. The Court will consider each claim in turn.

### 1. Advice to plead guilty.

Petitioner claims his attorney was ineffective in advising him to plead guilty to second degree murder. According to petitioner, he did not believe he had the requisite "malice" to support a conviction for second degree murder and would have been convicted of the lesser offense of involuntary manslaughter had he gone to trial. He alleges his attorney incorrectly advised him that speeding while under the influence could constitute "malice" as an element of second degree murder.

Under federal law, second degree murder is "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). Involuntary manslaughter involves "the unlawful killing of a human being without malice." *Id*. § 1112(a). Malice "may be inferred when the defendant 'grossly deviates from the standard of care to such an extent that a jury could conclude that he must have been aware of a serious risk of death or serious bodily injury.'" *United States v. Conatser*, 514 F.3d 508, 523 (6th Cir. 2008) (quoting *United States v. Sheffey*, 57 F.3d 1419, 1430 (6th Cir.1995)).

Petitioner was drag-racing at night, while under the influence of drugs and alcohol, reaching speeds of 85-90 miles an hour. Under those circumstances, a jury could reasonably find that petitioner's conduct constituted "an extreme disregard for human life," thus

satisfying the element of malice. *Sheffey*, 57 F.3d at 1429. Petitioner's attorney was not ineffective in advising him that he would likely be found guilty of second-degree murder if he went to trial.

## 2. Failure to argue that prior offenses were related.

Petitioner alleges that counsel should have argued that certain of his prior convictions were related for purposes of calculating his criminal history points. He refers to (a) his May 20, 2003, citations for speeding and driving on a suspended license, and (b) his June 1, 2003, citations for reckless driving and driving on a suspended license, to all of which petitioner pleaded guilty in the Juvenile Court of Wilson County, Tennessee, on July 8, 2003. [Criminal Action No. 3:05-cr-129, Presentence Investigation Report, pp. 9-10, ¶¶ 27-28].

At the time of petitioner's sentencing, U.S.S.G. § 4A1.2(a)(2) (2005) provided that "[p]rior sentences imposed in related cases are to be treated as one sentence" for purposes of calculating a criminal history. Cases were considered related if the offenses "occurred on the same occasions," " were part of a single common scheme or plan," or "were consolidated for trial or sentencing." *Id*. comment. (n.3). Petitioner's May 20, 2003, offenses did not occur on the same occasion as his June 1, 2003, offenses nor were they part of a single common scheme; in addition, there is nothing in the record to suggest that they were consolidated. "We have stated several times that 'cases are not consolidated when offenses proceed to sentencing under separate docket numbers, cases are not factually related, and there was no order of consolidation.'" *United States v. Horn*, 355 F.3d 610, 614 (6th Cir. 2004) (quoting *United States v. McAdams*, 25 F.3d 370, 374 (6th Cir.1994); *United States v. Coleman*, 964

F.2d 564, 567 (6th Cir.1992)). "'The fact that judgment was pronounced on the same day with sentences to run concurrently, without more, does not establish that [the cases] were in fact consolidated.'" *Id.* (quoting *United States v. Carter*, 283 F.3d 755, 758 (6th Cir. 2002); *Coleman*, 964 F.2d at 566). Accordingly, petitioner's traffic offenses were not related cases and counsel was not ineffective in failing to argue that they were. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

### 3. Failure to object to traffic-related convictions.

Petitioner alleges that counsel should have objected to the use of traffic-related offenses in the calculation of his criminal history points. At the time of petitioner's sentencing, as well as under current guidelines, convictions for reckless driving and driving on a suspended license "are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." U.S.S.G. § 4A1.2(c). Petitioner contends that he was not sentenced to a term of imprisonment of 30 days on any of his traffic-related offenses and that the offenses were not similar to the offense of second degree murder.

As a result of his convictions on July 8, 2003, on the traffic-related offenses, petitioner was ordered placed in the custody of the Department of Children's Services (DCS) and was confined in the Nashville Transition Center for six months; he was released from DCS supervision on January 31, 2005. [Criminal Action No. 3:05-cr-129, Presentence Investigation Report, p. 9, ¶ 27]. On direct appeal, the Sixth Circuit held that the time

petitioner spend in DCS custody qualified as a term of imprisonment. *United States v. Hall*, 279 F. App'x at 367-68. Accordingly, petitioner's traffic offenses were properly counted in the calculation of his criminal history category and counsel was not ineffective in failing to object to their inclusion.

> **4. Failure to object to use of offense for which petitioner received diversion.**

Petitioner alleges that the calculation of his criminal history points included an offense for which he received pre-trial diversion, specifically a charge in the Circuit Court for Wilson County, Tennessee, for possession of marijuana. U.S.S.G. § 4A1.2(f) provides:

> Diversion from the judicial process without a finding of guilt (*e.g.*, deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere*, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.

According to petitioner, he told his attorney that his pre-trial diversion did not include a guilty plea or an admission of the fact, but counsel failed to investigate the issue and did not object to the use of the offense.

A copy of the pre-trial diversion agreement is attached as an exhibit to the § 2255 motion. [Criminal Action No. 3:05-CR-129, Doc. 111, Motion to Vacate Sentence, Exhibit A]. The document does not, however, indicate whether or not there was a finding of guilt. The presentence report lists the offense as "Guilty, pretrial diversion." [*Id.*, Presentence Investigation Report, p. 11, ¶ 30].

9

In any event, petitioner concedes that his criminal history category would still have been V without the inclusion of this offense because he would still have had ten criminal history points. *See* U.S.S.G. Ch. 5, Pt. A., Sentencing Table (Criminal History Category V includes 10-12 criminal history points). Under these circumstances, petitioner's attorney did not render ineffective assistance of counsel by failing to investigate and object to the inclusion of this offense.

### 5. Cumulative errors.

Petitioner alleges that the cumulative errors of his counsel, when taken as a whole, resulted in the ineffective assistance of counsel. The Court having found no errors on the part of counsel, his claim lacks merit. *See Getsy v. Mitchell*, 495 F.3d 295, 317 (6th Cir. 2007) ("[Petitioner's] cumulative-error claim therefore fails because there are simply no errors to cumulate."). Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

## IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing

of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.

28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE